1998 OK CIV APP 63

**In the Matter of the Vacation of a Portion of Chateau Drive, a Part of Regal Lake Estates, Oklahoma City, Oklahoma, According to the Recorded Plat Thereof,**

**Bhatwat AHLUWALIA and Ekta Ahluwalia, Petitioners/Appellants,**

v.

**Michael G. DAVIS and John Smalley, Protestors/Appellees.**

No. 87697.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 31, 1997.

Certiorari Denied May 6, 1998.

Michael P. Warwick, Shawnee, for Petitioners/Appellants.

William F. Comstock, Oklahoma City, for Protestants/Appellees.

## OPINION

GARRETT, Judge.

¶ 1 Appellants filed an action in the District Court seeking: (1) to vacate a portion of a platted street called Chateau Dr., (2) to foreclose the right of the City of Oklahoma City to reopen the street, and (3) to establish their title in fee simple to all of the land occupied by the street by virtue of reversion when the court enters its judgment vacating the street. Appellees, calling themselves protestors, appeared and claimed that they would be entitled to reversionary rights to a portion of the street when it is vacated. This is the basis of the dispute between the parties to this appeal. Appellants' land is in Regal Lakes Estates, and Appellees' land is in Briarcreek.

¶ 2 As pertinent here, Chateau Dr. is in Regal Lakes Estates, an addition to the City of Oklahoma City. While this portion of Chateau Dr. has never been opened or maintained as a public street, according to the official plat the right of way is 50 feet wide, and approximately 300 feet long. It runs in a northwesterly direction from Castle Road to a dead end. The dead end is also the boundary line between Regal Lakes Estates and the Briarcreek addition to the City of Oklahoma City. Referring to directions in a general manner, the street is bounded on the East by Castle Road, on the South by Lot 3, Block 3 of Regal Lakes Estates, on the North by Lot 1, Block 4 of Regal Lakes Estates and by Lots 33 and 34 in Block 8 in Briarcreek, and on the West by Lot 34 in Block 8 in Briarcreek.[1]

¶ 3 The issues between Appellants and Appellees were tried by the court on stipulated facts.[2] Also, without resolving their basic title dispute, they stipulated to a plat showing their agreement as to the portions of Chateau Dr. which each of them would own, if [but only if] Appellees prevailed on their claim to have rights of reversion. The trial court held for Appellees and adopted their plat in its judgment. In this appeal, Appellants contend the trial court erred in determining that Appellees own a part of the land involved by right of reversion. We agree with Appellants, and reverse.

¶ 4 The Regal Lakes Estates Addition was platted by the then owner of the land, Pan American Development Corp., on or about April 19, 1967. The plat contains language dedicating the streets and avenues; and, specifically, it provides that the owner "hereby dedicates the streets and avenues shown on said plat for the use of the public and for its successors and assigns." The portion of Chateau Dr. involved here is entirely within Regal Lakes Estates, and was

---

1. Attached to this Opinion is a map or plat of a portion of these two additions which shows the area involved. Southeast of the heavy black line is Regal Lakes Estates, and northwest of that line is Briarcreek.

2. Appellants own Lot 3, Block 3, in Regal Lakes Estates. Appellees own Lots 33 and 34, Block 8 in Briarcreek. The owner of Lot 1, Block 4 of Regal Lakes Estates is not a party to this appeal, and no opinion is expressed as to that owner.

entirely owned by Pan American Development Corp. when the official plat was filed and recorded. The Briarcreek Addition did not exist at that time, and the land now located in Briarcreek was owned by an owner or owners other than Pan American Development Corp.

¶5 The City of Oklahoma City adopted its Ordinance #14,559 on November 16, 1976, which was more than nine years after Regal Lakes Estates was platted.[3] The ordinance "closed" Chateau Dr., but reserved the rights of utility companies, and the rights of the City of Oklahoma City, including the right to reopen the street.[4]

¶6 Briarcreek Addition was platted and dedicated by its owner, W. Ray Newman, Inc., on or about January 11, 1979. No portion of the land included in Briarcreek was, or is occupied by the portion of Chateau Dr. which is involved in this appeal. There is no dedicated street or way in Briarcreek which would extend Chateau Dr. into Briarcreek, past the "dead end".

¶7 There is a rebuttable presumption that the owners of land which is alongside a road or street own to the center of the way. 69 O.S.1991 § 1202 provides:

An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown.

Considering 11 O.S.1991 § 42–113, the stipulated facts disclose that the "contrary" has clearly been shown. Section 42–113(c) provides:

C. When any public way or easement is vacated, the same shall revert to the owners of real estate adjacent to such public way or easement on each side, in proportion to the frontage of the real estate, *except in cases where such public way or easement has been taken and appropriated to public use in a different proportion, in which case it shall revert to adjacent lots or real estate in proportion to which it was taken from them or dedicated.* Provided, however, when any public way or easement so vacated remains bounded on all sides by public ways, public grounds, or public easements, title to the entire tract vacated shall vest in the municipality but may then be used by the municipality or a leasehold conveyed by act of the governing body for any lawful purpose, public or private. (Emphasis supplied.)

¶8 Ordinarily, when a street is vacated, ownership of the land reverts [as contended by Appellees] to the owners on each side of the vacated street in proportion to their frontage. However, "ordinarily" presumes the "street" was taken or dedicated equally from the owners, or their predecessors, on each side. In this case, all of the land comprising the platted Chateau Dr. was "taken and appropriated" ["dedicated"] from Appellants' predecessor in title, and none of it was taken from Appellees or their predecessor in title. Thus, we again point out that the "contrary" has been shown.

¶9 It follows, and we hold that all of the land occupied by the vacated Chateau Dr. reverts to Appellants and other "adjacent" owners of land in Regal Lakes Estates, and none of it reverts to Appellees or other owners of land in Briarcreek. The trial court's judgment must be reversed insofar as it conflicts with this Opinion. On remand, the trial court is directed to enter a new judgment which conforms with this Opinion. The only issues decided in this appeal are those which exist between Appellants and Appellees.

¶10 REVERSED AND REMANDED.

JONES, P.J., and ADAMS, C.J., concur.

**3.** ... and more than two years prior to the time the Briarcreek Addition was platted.

**4.** "Closing" the street by ordinance did not "vacate" the plat of the street. However, the trial court's judgment did "vacate" the street, and foreclosed the right of Oklahoma City to reopen it.